**GEGGIE, a.k.a. Geggiee, Appellant,**

v.

**COOPER TIRE & RUBBER COMPANY, Appellee.**

[Cite as *Geggie v. Cooper Tire & Rubber Co.*, 148 Ohio App.3d 252, 2001-Ohio-2208.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5–01–13.

Decided Aug. 16, 2001.

Siferd & McCluskey, L.P.A., and Richard E. Siferd; Samuel W. Diller, for appellant.

Jones, Day, Reavis & Pogue and Robert S. Walker; Gregory E. Meyers, for appellee.

Hadley, Judge.

{¶ 1} Plaintiff-appellant, Lisa M. Geggiee, a.k.a. Geggie, administrator of the estate of Richard Worstine, appeals from the judgment of the Common Pleas Court of Hancock County granting summary judgment in favor of the defendant-appellee, Cooper Tire & Rubber Company ("Cooper Tire").

{¶ 2} The appellant's father, Richard, was employed by Cooper Tire as a laborer. Part of Richard's job duties included operating a tire-building machine. While running the machine on July 14, 1999, Richard was crushed by the machine and subsequently died as a result of the injuries two days later.

{¶ 3} In her complaint, the appellant alleged:

{¶ 4} "5. As a result of plaintiff's decedent's job duties involving the tire building machine, decedent's injury and death were substantially certain to occur for the following reasons:

{¶ 5} "A. Plaintiff's decedent was required as part of his job duties to repetitively enter a zone having a hazard of crushing.

{¶ 6} "B. Plaintiff's decedent's machine had an unguarded pedal which, if pressed, would cause the machine to repetitively cycle and trap him while he was within the zone of operation thereby creating a risk of being crushed.

{¶ 7} "C. The machine on which plaintiff was required to work failed to have a properly operating shut-off mechanism within reach so that plaintiff's decedent could shut off the machine if he were caught in the machine.

{¶ 8} "D. The machine on which plaintiff was required to work failed to have a properly operating shut-off mechanism which would have permitted others to shut off the machine so that plaintiff's decedent could be removed from the machine once he had been injured. As a result of the failure the machine continued to crush plaintiff's decedent until his injuries became fatal, even after others discovered his situation.

{¶ 9} "D [sic]. The failure to properly maintain and appropriately guard the machine as set forth in paragraph [sic] A through D, *supra*, caused the injury and/or death to be substantially certain."

{¶ 10} Together with the complaint, appellant also filed a request for production of documents.

{¶ 11} Cooper Tire thereafter filed a Civ.R. 12(C) motion for judgment on the pleadings, arguing that the complaint contains no operative facts to support a claim against an employer for a workplace intentional tort. In response to Cooper Tire's motion, appellant filed a memorandum that, among other arguments, maintains that Cooper Tire failed to respond to discovery. After considering the

applicable Ohio case law, the trial court granted the motion in favor of Cooper Tire.

{¶ 12}  The appellant now appeals from the judgment of the trial court and asserts the following two assignments of error:

### ASSIGNMENT OF ERROR I

{¶ 13}  "The Court erroneously dismissed a complaint which pled facts which, if proven, would establish a workplace intentional tort."

### ASSIGNMENT OF ERROR II

{¶ 14}  "The Court erroneously dismissed appellant's complaint when the employer substantially hindered the investigation of an intentional tort claim, by not viewing liberally the facts establishing the intentional tort claim."

{¶ 15}  In its opinion and judgment entry granting summary judgment in favor of Cooper Tire, the trial court thoroughly addressed the arguments raised by the appellant's assignments of error.  The appellant's complaint fails to establish "intent," as explained by *Fyffe v. Jeno's, Inc.*,[1] for the purpose of proving the existence of an intentional tort committed by an employer against an employee.  Accordingly, upon the reasoning set forth in the trial court's opinion and judgment entry filed March 12, 2001, in that court and attached hereto as an appendix, we overrule both of the appellant's assignments of error and affirm the judgment of the trial court.

{¶ 16}  It is therefore ORDERED, ADJUDGED AND DECREED that the opinion and judgment entry of the common pleas court filed on March 12, 2001, be, and they hereby are adopted and incorporated into this opinion and that a copy of same shall be attached hereto and made a part hereof.

{¶ 17}  Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

Judgment affirmed.

SHAW and THOMAS F. BRYANT, JJ., concur.

---

1.  (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108, syllabus.

APPENDIX

IN THE COMMON PLEAS COURT OF HANCOCK COUNTY, OHIO

FILED
COURT OF APPEALS
APR 19 2001
CATHY PROSSER WILCOX
CLERK
HANCOCK COUNTY OHIO

LISA M. GEGGIEE, ADMINISTRATRIX

    Plaintiff,

v.

COOPER TIRE & RUBBER COMPANY

    Defendant.

Case No. 00-240-T

JUDGMENT ENTRY

March 12, 2001

This day this cause is before the Court for decision and ruling upon the Motion to Dismiss Complaint and Memorandum in Support filed on behalf of the defendant, Cooper Tire & Rubber Company (hereinafter "Cooper Tire"), by its counsel of record, Robert S. Walker, on August 21, 2000. In support of its motion and attached thereto, counsel for defendant Cooper Tire has submitted various legal authorities. On August 28, 2000, the plaintiff, Lisa M. Geggiee, Administratrix of the Estate of Richard Worstine, (hereinafter "Geggiee"), through counsel, Richard E. Siferd, filed a Memorandum in Response to Motion to Dismiss. Attached to the plaintiff's memorandum in support thereof were a copy of a facsimile to Richard E. Siferd and Samuel W. Diller from Robert S. Walker, dated July 27, 2000, and marked as "Exhibit A;" a copy of a letter to Richard E. Siferd from Robert S. Walker, dated August 1, 2000, and marked as "Exhibit B;" a copy of a letter to Robert S. Walker from Richard E. Siferd, dated August 4, 2000, and marked as "Exhibit C;" a copy of facsimile to Richard Siferd from Robin Long for Arnis Andersons, Disclosure Officer for

/7

B 011-1026

256

the Occupational Safety and Health Administration, dated January 13, 2000, and marked as "Exhibit D;" a copy of Defendant Cooper Tire and Rubber Company's Response to Plaintiff's Requests for Production of Documents and Interrogatories, marked as "Exhibit E;" and a cited legal authority. Thereafter, defendant Cooper Tire, through counsel, filed a Reply in Support of Its Motion to Dismiss Complaint on September 1, 2000.

It is upon this status of the record that this matter is before the Court for decision.

### STATEMENT OF THE CASE AND CLAIMS OF THE PARTIES

The cause of action presently before this Court is one of employer intentional tort. On or about July 14, 1999, the plaintiff's decedent, Richard Worstine, was injured while working on a tire building machine for his employer, defendant Cooper Tire. Worstine died on July 16, 1999, as a result of the injuries he sustained while working on the tire building machine. One year later, the plaintiff, through counsel, instituted the present litigation.

The defendant contends that the plaintiff's complaint fails to allege the operative facts necessary to support a claim of employer intentional tort. The plaintiff maintains that the complaint complies with the heightened pleading standard for employer intentional tort claims and is, thus, sufficient to withstand a Civil Rule 12(B)(6) motion to dismiss. In addition, the plaintiff asserts that while the complaint is sufficient, the defendant has attempted to conceal the disclosure of facts and failed to respond to discovery without valid justification so as to prevent the plaintiff from learning about what caused the incident that injured plaintiff's decedent on or about July 14, 1999.

Lisa Geggiee, Adm. v. Cooper Tire & Rubber, Case No. 00-240-T          Page 3

## STANDARD FOR REVIEW

The issues of a Civil Rule 12(B)(6) dismissal have been addressed several times by the Ohio Supreme Court. The court has held that "[i]n order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. O'Brien v. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St. 2d 242, syllabus (following Conley v. Gibson (1957), 355 U.S. 41, 45-46). Further, in construing a complaint under a Civil Rule 12(B)(6) motion, the court must, as a matter of law, accept all the factual allegations in the complaint as true, and in order to grant such a motion it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. In addition, the court has determined that "[the court] must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." Mitchell v. Lawson Milk Co. (1988), 40 Ohio St. 3d 190, 192. More recently, the Ohio Supreme Court has stated:

> This standard for granting a motion to dismiss is in accord with the notice pleading regimen set up by the Federal Rules of Civil Procedure and incorporated into the Ohio Rules of Civil Procedure. Under these rules, a plaintiff is not required to prove his or her case at the pleading state. Very often, the evidence necessary for a plaintiff to prevail is not obtained until the plaintiff is able to discover materials in the defendant's possession. If the plaintiff were required to prove his or her case in the complaint, many valid claims would be dismissed because of the plaintiff's lack of access to relevant evidence. Consequently, as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.

York v. Ohio State Highway Patrol (1991), 60 Ohio St. 3d 143, 144-145.

R 211-1028

## CONCLUSIONS OF LAW

Before addressing the sufficiency of the complaint, the Court must note that the assertions of the plaintiff as to the acts or omissions of the defendant in responding to the plaintiff's discovery requests and allegations regarding concealing the disclosure of facts are not being taken into consideration for the purposes of the motion presently before the Court. To consider these assertions and the exhibits submitted in support thereof would be to convert this motion to dismiss into a motion for summary judgment because a motion to dismiss is based solely upon the pleadings, not evidence. While a court may convert a motion to dismiss into a summary judgment motion upon notice to all parties when a motion presents matters outside the pleadings and the court chooses not to exclude such matters, Civ. R. 12(B); State ex rel. Baran v. Fuerst (1990), 55 Ohio St. 3d 94, 97, this Court finds that to do so in this instance is unnecessary and premature.

In order for an employer intentional tort claim to withstand a Rule 12(B)(6) motion, the claim must allege "facts showing that the employer: (1) specifically desired to injure the employee; or (2) knew that injury to an employee was certain or substantially certain to result from the employer's act and, despite this knowledge, still proceeded." Mitchell v. Lawson Milk Co. (1988), 40 Ohio St. 3d 190, syllabus (citations omitted). This standard requires a plaintiff to plead operative facts with particularity rather than the lessened standard of notice pleading provided for in Civ. R. 8 of the Ohio Rules of Civil Procedure. See York, 60 Ohio St. 3d at 145. Here, the plaintiff bases her complaint upon the latter requirement of Mitchell.

Paragraph Five (5) of the plaintiff's complaint sets forth the reasons underlying

Lisa Geggiee, Adm. v. Cooper Tire & Rubber, Case No. 00-240-T                    Page 5

plaintiff Geggiee's allegation that Worstine's injuries were substantially certain to occur. The plaintiff alleges that Worstine was required to "enter a zone having a hazard of crushing[,]" that the lack of guard on the pedal of the tire building machine created "a risk of being crushed[,]" the tire building machine "failed to have a properly operating shut-off mechanism" that would permit Worstine or another person to shut-off the machine, and that the "failure to properly maintain and appropriately guard the machine . . . caused the injury and/or death to be substantially certain." What the plaintiff does not do is allege facts that establish that the defendant knew that injury to Worstine was substantially certain to occur. Even when taking the facts of the complaint as true, the complaint does not plead facts with particularity to demonstrate that the defendant knew that injury to its employees were certain or substantially certain to occur. The Ohio Supreme Court has determined that "[m]ere knowledge and appreciation of a risk, however, falls short of substantial certainty and does not by itself establish intent." Mitchell, 40 Ohio St. 3d at 191-192 (citations omitted). Plaintiff has failed to plead facts sufficient to establish more than mere knowledge and appreciation of a risk.

     **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the motion of defendant, Cooper Tire & Rubber Company, as filed herein pursuant to Rule 12(B)(6) of the Ohio Rules of Civil Procedure is granted, and accordingly, the plaintiff's complaint is dismissed without prejudice with costs assessed against the plaintiff.

     The Court further finds that pursuant to Rule 54(B) of the Ohio Rules of Civil Procedure that this is a final judgment and that there is no just reason for delay.

All until further order of the Court.

*Joseph H. Niemeyer*

Joseph H. Niemeyer, Judge

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 12th day of March, 2001, a time-stamped copy of the foregoing was delivered to the following by ordinary U.S. mail.

Richard E. Siferd
212 N. Elizabeth St., Suite 310
Lima, OH 45801-4338

Robert S. Walker
North Point
901 Lakeside Avenue
Cleveland, OH 44114

Samuel W. Diller
138 North Main St.
Bluffton, OH 45817

Gregory Meyers
Cooper Tire & Rubber Co.
701 Lima Avenue
Findlay, OH 45840

*Mary L. Miller*

Mary L. Miller,
Judicial Assistant

R211-1031